UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MISTY LYNN WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:11-MC-00276-JBC-HAI |
| | ) | |
| v. | ) | |
| | ) | REPORT & RECOMMENDATION |
| U.S. DEPARTMENT OF EDUCATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Misty Lynn Wesley has filed a Complaint for Agency Action Review of the United States Department of Education and the Kentucky Department of Revenue, and various ancillary motions. (D.E. 3-5). Pursuant to the mandates of the Court's General Order of February 14, 2007 (G.O. 07-6), the Court must certify that Wesley's claims are not frivolous and her Complaint is not being submitted for any improper purpose before her Complaint and associated filings will be accepted. (D.E. 1). For the reasons that follow, the Court finds that Wesley's claims are frivolous and hereby **RECOMMENDS** that the District Judge **DENY** certification.

A claim is legally frivolous when "it lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on "an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550

U.S. 544, 570 (2007).

## I. BACKGROUND

Plaintiff states that, in 2008, she hired Good Life Credit and F&B Legal to clean up her credit file. She claims that despite this action, the United States Department of Education and the Kentucky Department of Revenue have continued to harass her and stall payments to Lexington Community College and Taft Law School. Plaintiff alleges that such harassment violates the federal Racketeer Influenced and Corrupt Organizations Act (RICO). She also demands that the United States Department of Education pay certain sums of money to both Lexington Community College and Taft Law School for her educational expenses. Finally, she requests that all money garnished from her 2009 tax refund be returned to her based upon her contention that she had paid her loans in full in 2008. (*See* D.E. 3).

## II. ANALYSIS

### A. RICO Claims

RICO makes it unlawful for any person (a) to invest income derived from a pattern of racketeering activity or through collection of an unlawful debt in any enterprise, (b) to acquire or maintain any interest or control of an enterprise through a pattern of racketeering activity or collection of an unlawful debt, (c) to participate in the affairs of an enterprise through a pattern of racketeering activity or collection of an unlawful debt, or (d) to conspire to violate (a), (b), or (c). *See* 18 U.S.C. § 1962 (a)-(d). For the purposes of RICO, a "pattern of racketeering activity" is defined as "at least two acts of racketeering activity" (often referred to as "predicate acts") within a ten year period. *See* 18 U.S.C. § 1961(5); *Bushnell v. Bedford Co.,* No. 10-5464, 2011 WL 2989029, at *2 (6th Cir. July 22, 2011) (stating that a racketeering pattern "requires at least two

RICO predicate acts"). "Racketeering activity" is further defined to include specific crimes and "any act which is indictable" under enumerated statutory provisions. *See* 18 U.S.C. § 1961(1).

Plaintiff alleges that the United States Department of Education and the Kentucky Department of Revenue have engaged in mail and wire fraud, both of which are included in RICO's definition of "racketeering activity." *See* 18 U.S.C. § 1961(1)(B) ("'racketeering activity' means [...] any act which is indictable under any of the following provisions of title 18, United States Code:[...] section 1341 (relating to mail fraud) [and] section 1343 (relating to wire fraud)"). However, when relying upon a violation of 18 U.S.C. §§ 1341 or 1343 as a predicate act under RICO, a plaintiff "must allege a claim for common law fraud-that is, he detrimentally relied on a deception defendants made to him." *Yax v. United Parcel Service and Liberty Mutual Ins. Co.,* No. 05-1843, 2006 WL 2441097, at *2 (6th Cir. Aug. 24, 2006) ("[A] plaintiff 'cannot maintain a civil RICO claim ... absent evidence that the defendants made misrepresentations or omissions of material fact to [the plaintiff] and evidence that [the plaintiff] relied on those misrepresentations or omissions to its detriment.'") (internal citations omitted). Plaintiff has failed to describe any misrepresentations made by Defendants, and her RICO claims therefore fail for lack of particularity. *See Brown v. Cassens Transp. Co.,* 546 F.3d 347, 356 n.4 (6th Cir. 2008) (stating that "Federal Rule of Civil Procedure 9(b)'s requirement that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake' has been applied to allegations of fraud made in support of a RICO claim") (internal citations omitted).

Because Plaintiff has failed to present an arguable basis in law or fact on the face of her Complaint that would suggest Defendants have engaged in a pattern of racketeering activity, her RICO claims are frivolous.

3

### B. Plaintiff's Other Claims

With regard to the rest of her claims (requesting that the United States Department of Education pay certain sums to Lexington Community College and Taft Law School and that the Internal Revenue Service return money garnished from Plaintiff's 2009 tax refund), Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S.---, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal citation omitted). Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

Plaintiff's Complaint wholly fails to plead sufficient factual content to state a claim for relief or an arguable basis in law or fact, and is therefore frivolous. Although the Complaint requests that the United States Department of Education pay certain sums of money to Lexington Community College and Taft Law School, it contains no information as to why Plaintiff believes the Department of Education owes such money. Additionally, the Complaint fails to describe the amount of money that Plaintiff requests be returned by the IRS or why Plaintiff believes she is entitled to the return of this money. The Complaint is devoid of facts from which the Court could reasonably infer that Plaintiff is entitled to relief on these additional claims.

Because Plaintiff's claims are frivolous, the Court hereby **RECOMMENDS** that the District Judge **DENY** pre-filing certification as required by General Order 07-6.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of that statute. As defined by § 636(b)(1) and Federal Rule of Civil Procedure 72(b), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 72(b) waives a party's right to review.

This the 22nd day of September, 2011.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge